# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:99-CR-65-003 |
| | § | |
| KEITH RICHARDSON | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 17, 2010, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Keith Richardson. The government was represented by Mary Ann Cozby, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by court-appointed federal defender, Kenneth Hawk.

Defendant originally pleaded guilty to the offense of Carrying a Firearm During and in Relation to a Drug Trafficking Crime, a Class D felony. The offense carried a statutorily required imprisonment term of 5 years. The United States Sentencing Guideline range, based on a criminal history category of IV, was 60 months. On March 29, 2000, District Judge William M. Steger sentenced Defendant to 60 months imprisonment followed by a term of 3 years supervised release, subject to the standard conditions of release, plus special conditions to include drug testing and treatment and financial disclosure. On May 4, 2007, Defendant completed the term of imprisonment and began the term of supervised release. On March 5, 2008, District Judge Leonard Davis revoked Defendant's supervised release after Defendant pled true to allegations of positive urine specimens, failure to report, and failure to participate in drug treatment and testing. Defendant was sentenced to 15 months imprisonment followed by 18 months supervised release, subject to the standard conditions plus special conditions of financial disclosure and drug treatment and testing. On

February 4, 2009, Defendant completed the term of imprisonment and began the term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from committing another federal, state or local crime, and from illegally possessing a controlled substance. As standard conditions of supervision, Defendant was required to, among other things, report to the probation officer and submit a truthful and complete written report within the first 5 days of each month. In addition, Defendant was to notify the probation officer of any arrests within 72 hours.

In its petition, the government alleges that Defendant violated his term of supervised release by possessing a controlled substance by providing a urine specimen that tested positive for amphetamine, a Grade B violation.[1] The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession. The government further alleges Defendant failed to: report an arrest; provide truthful and complete written reports; report as instructed; provide documentation of employment; and attend scheduled substance abuse group and individual counseling sessions. All are Grade C violations.

If the Court finds by a preponderance of the evidence that Defendant unlawfully used a controlled substance, a statutory sentence of no more than 2 years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.3(a)(1) of the Sentencing Guidelines, violating a condition of supervision by possessing amphetamine would constitute a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 9 months. U.S.S.G. § 7B1.4(a).

---

[1] Such an offense would also be a violation of Texas Health and Safety Code § 481.116.

If the Court finds by a preponderance of the evidence that Defendant failed to report required matters and provide appropriate documentation, a statutory sentence of no more than 2 years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). The Court may then revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 6 to 9 months. U.S.S.G. 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision. In exchange, the government agreed to recommend that Defendant serve 8 months in prison, with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Defendant Keith Richardson be committed to the custody of the Bureau of Prisons for a term of imprisonment of 8 months, with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be FCI Texarkana, Texas.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 2nd day of September, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE